**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

MATHIAS D. PETTY,

                Petitioner,      :      Case No. 2:18-cv-586

   - vs -                          District Judge Algenon L. Marbley
                                      Magistrate Judge Michael R. Merz

LYNEAL WAINWRIGHT, WARDEN,
 Marion Correctional Institution

                               :

                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Mathias D. Petty pursuant to 28 U.S.C. § 2254, was filed in the Northern District of Ohio on May 24, 2018 (ECF No. 1). On June 11, 2018, the case was transferred to the Southern District of Ohio, pursuant to Order of Chief Judge Patricia Gaughan (ECF No. 4) and assigned to District Judge Algenon L. Marbley and Magistrate Judge Kimberly A. Jolson. On Magistrate Judge Jolson's Order (ECF No. 6), the State filed the State Court Record and a Return of Writ (ECF Nos. 12, 13). The case became ripe on the filing of Petitioner's Traverse (ECF No. 16). The reference in the case was recently transferred to the undersigned to help balance the workload in the District (ECF No. 17).

Petty pleads the following grounds for relief:

> **GROUND ONE**: [C]onviction obtained in violation of evidentiary rule implicates due process and resulting in a trial that was/is fundamentally unfair. see: *United States v. Allen,* 106 F.3d 695 (6th Cir. 1997).
>
> **GROUND TWO**: Conviction obtained in violation of Fourteenth Amendment's Due Pro[cess] Clause, wherein the evidence admitted

1

> at trial was manifestly insufficient to support a conviction. see: *In re Winship* (1970), 397 U.S. 358, 364; 90 S. Ct. 1068; and J*ackson v. Virginia (*1979), 443 U.S. 307, 319, 99 S. Ct. 2781.
>
> **GROUND THREE**: [C]onviction obtained in violation of due process and fundamental fairness where petitioner's convictions for "repeat violent offender" "use of force" and "rape and importuning" were against the manifest weight of the evidence.
>
> **GROUND FOUR**: [C]onviction obtained in violation of Fourteenth Amendment Due Process Clause, and that of the Federal Constitution's Fifth Amendment Double Jeopardy protections and prohibitions where the underlying sentence(s) were/are 'declared void' by operation of law, contrary to law, and patently exceed both state statutory and federal constitutional requirements. see: *Whalen v. United States* (1980), 445 U.S. 684, 689, 100 S. Ct. 1432; and, United States Sentencing Guidelines Manual, Chapter 1, Part (A)(4)(e) (2012).

(Petition, ECF No. 1, PageID 14, 18, 27, 29.)

## Litigation History

In July 2014, Petty was indicted by a Franklin County grand jury on one count of rape with specifications in violation of Ohio Revised Code §2907.02 and one count of importuning in violation of Ohio Revised Code §2907.07. Petty, through counsel, entered a not guilty plea and the case was set for jury trial.

Prior to trial, the State of Ohio filed a notice of intent to introduce a certified copy of Petty's prior judgment entry reflecting his previous conviction for aggravated robbery. Petty waived his right to a jury trial on the repeat violent offender specification. Following trial, the jury found Petty guilty of one count of rape and one count of importuning, and the trial court found him guilty of the repeat violent offender specification. In September 2015, Petty was sentenced to serve an aggregate sentence of fifteen years to life. (State Court Record, ECF No. 12, PageID 127.)

Petty, through counsel, filed an appeal of his conviction to the Tenth District Court of Appeals, Franklin County, Ohio. The court of appeals affirmed Petty's conviction but remanded to the trial court for resentencing. *State v. Petty*, Case No. 15AP-950, 2017-Ohio-1062, 2017 Ohio App. LEXIS 1025 (Ohio App. 10th Dist. Mar. 23, 2017).

Petty, through his appellate counsel, filed an appeal of the Court of Appeals' Judgment to the Supreme Court of Ohio which declined to accept jurisdiction pursuant to S.C.Prac.R. 7.08(B)(4). *State v. Petty,* 151 Ohio St. 3d 1455 (2017).

Pursuant to the remand, on April 26, 2017, the trial court made the required proportionality findings as dictated by the Court of Appeals and resentenced Petty to serve an aggregate sentence of fifteen years to life. (State Court Record, ECF No. 12, PageID 301)

Petty, through counsel, timely appealed the resentence and the Court of Appeals affirmed the trial court's judgment. *State v. Petty*, Case No. 17AP-385, 2017-Ohio-9200, 2017 Ohio App. LEXIS 5617 (Ohio App. 10th Dist. Dec. 21, 2017). Petty did not pursue an appeal to the Ohio Supreme Court.

# Analysis

**Ground One:  Denial of Due Process and a Fair Trial by Violation of Evidence Rules**

In his First Ground for Relief, Petty claims he was denied due process and a fair trial when Police Officer David Schulz was permitted to testify about the content of a written message he observed on a cell phone screen.

3

The Tenth District Court of Appeals stated the background facts of the case as follows:

> **[*P4]** In July 2014, C.A. began communicating through the Badoo app with a particular individual whose screen name was "T-h-a-i." They began talking about "[g]iving head, sex, stuff that shouldn't have been talking about." (Tr. Vol. II at 178.) C.A. did not tell this individual how old she was, and C.A. did not know the age of the other individual. C.A. testified that Thai first brought up the topic of oral sex on the app.
>
> **[*P5]** On July 5, 2014, C.A. and her mother went to the residence of C.A.'s aunt, located "[d]own the street," approximately ten minutes walking distance from their home. (Tr. Vol. II at 180.) Other family members and friends were at the residence.
>
> **[*P6]** C.A. and Thai were sending each other messages that evening. Later that evening, C.A. went outside "[b]ecause that person texted me saying, Oh, I want to come over, and I said okay." (Tr. Vol. II at 183.) In response to the nature of the messages, C.A. testified "[h]e was asking me the address. He was asking me if I was going to do it then. I needed to do it, and if I wasn't, then he doesn't have to come." She defined "it" as he wanted her to "[p]erform oral sex." (Tr. Vol. II at 184.)
>
> **[*P7]** At trial, C.A. identified appellant as Thai. Thai arrived at the address that evening and C.A. described the events, as follows:
>
>> I sat there for a minute, and I was just texting. And he said, You look pretty occupied, and I said okay. * * * Then he said, If you're not going to do it, I can just leave. * * * I said okay, and I stopped texting. * * * He asked me if he wanted to - - if I was going to pull it out or if he was.
>
> (Tr. Vol. II at 191.)
>
> **[*P8]** C.A. testified that appellant was talking about "[h]is penis." He unzipped his pants. "He took it out, and I got down on my knees, and I started sucking - - I started giving oral sex." (Tr. Vol. II at 192.) C.A. put appellant's penis in her mouth. Appellant "was moving my head" with his hand. (Tr. Vol. II at 193.) C.A. was on the porch with him for "[t]en, fifteen minutes." (Tr. Vol. II at 198.)

*State v. Petty*, 2017-Ohio-1062.

As part of the proof of the importuning charge, Columbus Police Officer David Schulz

testified to being dispatched to the scene of the alleged crime at about 11:30 p.m. on July 5, 2014. He was given the victim's cell phone. Although he did not keep the phone, he testified to the content of text messages between Petitioner and the victim, C.A., transmitted through an application called Badoo which were "trying to establish a basic contact and, specifically for that day, trying to set up a meeting day or meeting time and place between [C.A.] and the other individual." *State v. Petty* at ¶¶ 14-15. Defendant's counsel objected but the objection was overruled. On appeal, the Tenth District decided this claim as follows:

> **[*P47]** On appeal, appellant argues the trial court should have excluded evidence concerning the text messages on multiple grounds, including that (1) the content of the messages constituted hearsay within hearsay and should have been excluded under Evid.R. 805, (2) the messages lacked proper foundation because the witness lacked personal knowledge, pursuant to Evid.R. 602, and (3) the evidence should have been excluded under the best evidence rule pursuant to Evid.R. 1002.
>
> **[*P48]** As noted, appellant objected during Officer Schulz's testimony, but parts of the transcript are marked as inaudible with respect to the supporting argument. The nature of the objection is hearsay based on an argument that the messages only showed one-half of the conversation between C.A. and appellant. Initially, we note these messages are not hearsay. Evid.R. 801(D)(2) provides that statements are not hearsay if: "[t]he statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity." Here, appellant admitted he sent the text messages through the Badoo app and that he solicited C.A. Further, C.A. testified regarding the messages and she was subject to cross-examination.
>
> **[*P49]** It was not until after Officer Schulz finished testifying that defense counsel articulated a lack-of-foundation objection. Such an objection, however, "must be 'contemporaneous' to the alleged error." *State v. Copley*, 10th Dist. No. 04AP-511, 2005-Ohio-896, ¶ 32, citing *State v. Murphy*, 91 Ohio St.3d 516, 532(2001). Moreover, an objection on one ground does not preserve for appeal other grounds. *State v. Luc Tan Vu*, 10th Dist. No. 09AP-606, 2010-Ohio-4019, ¶ 30, citing *State v. Gulertekin*, 10th Dist. No. 97APA12-1607, 1998 Ohio App. LEXIS 5641 (Dec. 3, 1998). Thus, appellant did not preserve an objection based on lack of foundation.

5

**[\*P50]** On appeal, appellant appears to argue that his untimely lack-of-foundation objection includes an objection based on the best evidence rule. Appellant, however, made no objection based on the best evidence rule. Having failed to object on this ground, appellant waived all but plain error.

**[\*P51]** Under Crim.R. 52(A), an appellate court may notice plain errors affecting substantial rights even though they were not brought to the attention of the trial court. An alleged error constitutes plain error only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Notice of plain error is taken "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91, paragraph three of the syllabus.

**[\*P52]** Appellant appears to argue that the outcome of the trial would have been different because absent Officer Schulz's testimony regarding the messages, appellant would not have testified at trial. Appellant has failed to demonstrate plain error, as the testimony regarding the messages was admissible as a party-opponent admission. Further, appellant admitted he met C.A. through the Badoo app and that they exchanged messages. Appellant's trial counsel noted in opening statement that appellant sent the messages and arranged to meet C.A. C.A. also testified regarding the messages.

**[\*P53** Appellant argues that Officer Schulz did not have personal knowledge of the name of the application the two used for text messages, that he did not confirm the owner of the phone, and that he was told by a third party that appellant was a party to the text messages. Evid.R. 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, Officer Schulz testified to what he read on the phone, and the officer had personal knowledge regarding what he read. Further, appellant and his counsel admitted appellant sent the messages. On review, there is no plain error regarding a lack of foundation.

**[\*P54]** Finally, appellant argues that the trial court should have excluded the testimony regarding the messages under the "best evidence rule." Evid.R. 1002 requires that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in

> conflict with a rule of the Supreme Court of Ohio." When there is other evidence sufficient to sustain a conviction, a best evidence error is harmless because the outcome of the proceedings would not be different. *State v. Salaam*, 1st Dist. No. C-150092, 2015-Ohio-4552, ¶ 11. If a defendant has not demonstrated prejudice, any violations of the best evidence rule do not require reversal. *State v. Rogan*, 94 Ohio App.3d 140 (2d Dist.1994).
>
> **[*P55]** Here, even assuming that admission of the testimony regarding the contents of the text messages violated the best evidence rule, any error in admitting that testimony was harmless. Appellant described the text messages and admitted he solicited C.A. In addition to Officer Schulz, C.A. testified regarding the messages, and both witnesses were subject to cross-examination. Even without the testimony regarding the messages and appellant's admission, C.A. testified that appellant solicited her when he arrived on the porch. Accordingly, appellant has failed to demonstrate plain error. Based on the foregoing, appellant's first assignment of error is overruled.

*State v. Petty*, 2017-Ohio-1062.

In arguing his First Ground for Relief, Petty asserts Office r Schulz's testimony about the content of the text messages should have been excluded because they "clearly constitute[d] hearsay within hearsay" and "lacked any and all proper foundation." Petition, ECF No. 1, PageID 16.

Respondent argues this First Ground is not cognizable in habeas because it raises only questions of state evidence law. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1, 16 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar,

J., concurring).

On appeal to the Tenth District, Petty's claims were that admission of the content of the texts violated the rule against hearsay, violated the rule requiring a witness have personal knowledge of the matter to which he testifies, and violated the best evidence rule. Petty points to no authority from the Supreme Court or indeed any other federal authority holding that violation of any of those state evidence also violates the Constitution. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a state of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325, 329-30 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995). Therefore, Petty's claim that the trial court violated his due process and fair trial rights by admitting this testimony fails to state a claim upon which habeas corpus relief can be granted.

Furthermore, Petty procedurally defaulted the second and third parts of this claim by not making a contemporaneous objection. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

(6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "[A]bsent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman,* 501 U.S., at 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.

9

> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio does indeed have a relevant procedural rule requiring a contemporaneous objection to trial error to allow the trial court to correct the error if possible. The Tenth District enforced that rule against Petty by reviewing these two sub-claims only for plain error. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see*

*also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), citing *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), citing *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), citing *Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). See also *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011).

Finally, Petty has not established cause and prejudice to excuse the lack of a contemporaneous objection. If these objections had clear merit, it would have been ineffective assistance of trial counsel to fail to raise them. But, as the Tenth District held on appeal, they did not have merit. Admissions of a party opponent, such as Mr. Petty, are excepted from the hearsay rule under Ohio R. Evid. 801(D). Officer Schulz satisfied Ohio R. Evid. 602 because he actually saw the messages and was testifying about what he saw. The Tenth District did not decide the best evidence question, but found any failure to satisfy it was harmless because Petty himself admitted to having texted the victim.

Ground One should therefore be dismissed with prejudice.

**Ground Two: Insufficient Evidence to Convict**

In his second Ground for Relief, Petitioner asserts he was convicted on insufficient evidence, specifically that it was not shown that the instant rape was an offense of violence.

Petty raised this claim as his second assignment of error on direct appeal and the Tenth

District decided it as follows:

> **[*P56]** By his second assignment of error, appellant contends the evidence was insufficient to establish the repeat violent offender specification attached to the rape count. Appellant argues there was a lack of sufficient probative evidence involving the use of force and, therefore, there was insufficient evidence to support the guilty verdict on the repeat violent offender specification.
>
> **[*P57]** When a defendant challenges the sufficiency of the evidence, an appellate court "'construes the evidence in favor of the prosecution and determines whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt.'" *State v. Watkins*, 10th Dist. No. 16AP-142, 2016-Ohio-8272, ¶ 31, quoting *State v. Hill*, 10th Dist. No. 07AP-889, 2008-Ohio-4257, ¶ 41. When an appellate court conducts such a review, it "'does not engage in a determination of witness credibility, rather it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime.'" *Id.*, quoting *Hill* at ¶ 41.
>
> **[*P58]** According to R.C. 2929.01(CC), repeat violent offender means a person about whom both of the following apply:
>
>> (1) The person is being sentenced for committing or for complicity in committing any of the following:
>>
>>> (a) Aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;
>>>
>>> (b) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense described in division (CC)(1)(a) of this section.
>>
>> (2) The person previously was convicted of or pleaded guilty to an offense described in division (CC)(1)(a) or (b) of this section.
>
> **[*P59]** We note that the parties stipulated to appellant's prior conviction of aggravated robbery. Appellant argues the evidence failed to demonstrate that the rape was an offense of violence. The term "offense of violence" is defined in R.C. 2901.01(A)(9) as a violation of a number of sections of the Ohio Revised Code,

> including R.C. 2907.02, rape. Thus, it is not necessary to prove that a rape was committed with violence in order to qualify as an offense of violence. *State v. Tayse*, 9th Dist. No. 23978, 2009-Ohio-1209, ¶ 32 ("Under Ohio law, such conduct [sexual conduct with another person who is less than 13 years of age] is defined as rape, an offense of violence."). Appellant's second assignment of error is overruled.

*State v. Petty*, 2017-Ohio-1062.

While continuing to insist in his Petition on the argument he made before the Tenth District, Petty elaborates on it by claiming that the relevant sentencing statute, Ohio Revised Code § 2929.12(C), somehow creates an additional element of the crime of conviction. The trial court imposed a sentence of ten years to life on the rape count. *Id.* at ¶ 40. The Tenth District specifically held that the sentencing statute applied by the trial court was the correct one under the facts of this case. *Id.* at ¶ 71. Petty's reference to the penalty mitigation factors of Ohio Revised Code § 2929.12(C) is irrelevant where, as here, the General Assembly has mandated a particular sentence for a particular crime. Petitioner's argument that no actual act of violence was shown to have occurred is also irrelevant because the General Assembly has determined that sexual conduct with a person under thirteen constitutes a crime of violence and the Federal Constitution does not prohibit the State from doing so.

Ground Two should therefore be dismissed.

**Ground Three: Convictions Against the Manifest Weight of the Evidence.**

In this Third Ground for Relief, Petty asserts that his convictions are against the manifest weight of the evidence. A manifest weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1986). Ground Three should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

13

**Ground Four: Invalid Sentence**

In his Fourth Ground for Relief, Petty urges his sentence is invalid because the trial court imposed sentence without exercising the discretion allegedly conferred by Ohio Revised Code § 2929.14.[1] This is a question of state law which the Tenth District definitively decided against Petty. Although it remanded for a proportionality finding under Ohio Revised Code § 2929.14(C)(4), it otherwise overruled Petty's assignment of error regarding sentencing.

Petty also argues the sentence is invalid because the trial court should have found that the rape and importuning were allied offenses of similar import, not separately punishable under Ohio Revised Code § 2941.25.

The Tenth District considered this claim under both the Double Jeopardy Clause and Ohio Revised Code § 2941.25 and found no violation of either. It affirmed the trial court's findings that the act of importuning was completed before the rape began, involved separate conduct, and occasioned separate harm to the victim. *State v. Petty*, 2017-Ohio-1062, ¶¶ 72-79.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts

---

[1] Petty also refers to the United States Sentencing Commission Sentencing Manual. That Manual only applies to cases that are originally filed in federal court and does not apply to state criminal cases.

in light of the evidence presented in the state court proceedings.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). An Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632, 705 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010), itself abrogated in part by *State v. Ruff*, 143 Ohio St.3d 114, 119 (2015).

Petitioner has not demonstrated that his convictions for rape and importuning violate the Double Jeopardy Clause. On their face the two crimes involved different elements: asking for a sexual act, and getting it. Petty has not demonstrated that the Tenth District's decision on this question is an objectively unreasonable application of relevant Supreme Court precedent, *Blockburger* and its progeny. Therefore, Ground Four should be dismissed.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 9, 2019.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).