UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATHIAS D. PETTY,

        Petitioner,   :   Case No. 2:18-cv-586

 - vs -                               Judge Sarah D. Morrison
                                        Magistrate Judge Michael R. Merz
LYNEAL WAINWRIGHT, WARDEN,
 Marion Correctional Institution,
                                                            :

        Respondent.

## **OPINION AND ORDER**

On April 9, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Mathias D. Petty's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. (ECF No. 18). After Petitioner filed Objections to the R&R (ECF No. 19), the matter was recommitted, and the Magistrate Judge issued a Supplemental Report and Recommendation ("Supplemental R&R") (ECF No. 21). After Petitioner filed Objections to the Supplemental R&R (ECF No. 22), the matter was again recommitted, and the Magistrate Judge issued a Substituted Report and Recommendation ("Substituted R&R") (ECF No. 25). Petitioner has filed Objections to the Substituted R&R. (ECF No. 26). Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For the following reasons, Petitioner's Objections (ECF Nos. 19, 22, 26) are **OVERRULED**. The Substituted R&R (ECF No. 25) is **ADOPTED** and **AFFIRMED**. The petition is **DENIED,** and this action is **DISMISSED WITH PREJUDICE**.

The Court further **DECLINES** to issue a certificate of appealability ("COA"). Petitioner's motion for a COA (ECF No. 26) is **DENIED**.

1

## ANALYSIS

**Litigation History**

In July 2014, Petty was indicted by a Franklin County, Ohio, grand jury on one count of rape in violation of Ohio Revised Code § 2907.02 with the specifications that (1) the victim was less than thirteen and (2) that Petty was a repeat violent offender by virtue of his prior conviction for aggravated robbery. He was also charged with one count of importuning in violation of Ohio Revised Code § 2907.07. (State Court Record, ECF No. 12, Ex. 1, PageID 113-14). Petty was convicted on all counts and sentenced to fifteen years to life imprisonment. Although his first appeal resulted in a remand for proper sentencing findings, the Ohio Tenth District Court of Appeals affirmed on his second appeal.

Petty pleads the following grounds for relief:

> **GROUND ONE**: [C]onviction obtained in violation of evidentiary rule implicates due process and resulting in a trial that was/is fundamentally unfair. see: *United States v. Allen,* 106 F.3d 695 (6th Cir. 1997). [1]
>
> **GROUND TWO**: Conviction obtained in violation of Fourteenth Amendment's Due Pro[cess] Clause, wherein the evidence admitted at trial was manifestly insufficient to support a conviction. see: *In re Winship* (1970), 397 U.S. 358, 364; 90 S. Ct. 1068; and *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S. Ct. 2781.
>
> **GROUND THREE**: [C]onviction obtained in violation of due process and fundamental fairness where petitioner's convictions for "repeat violent offender" "use of force" and "rape and importuning" were against the manifest weight of the evidence.
>
> **GROUND FOUR**: [C]onviction obtained in violation of Fourteenth Amendment Due Process Clause, and that of the Federal Constitution's Fifth Amendment Double Jeopardy protections and prohibitions where the underlying sentence(s) were/are 'declared void' by operation of law, contrary to law, and patently exceed both state statutory and federal constitutional requirements. see: *Whalen*

---

[1] All citations are as they appeared in the Petition.

*v. United States* (1980), 445 U.S. 684, 689, 100 S. Ct. 1432; and, U.S. SENTENCING GUIDELINES MANUAL, ch. 1, pt. A(4)(e) (2012).

(Petition, ECF No. 1, PageID 14, 18, 27, 29 (alterations in original)).

**Ground One: Violation of Evidence Rules**

In his First Ground for Relief, Petty claims he was denied due process and a fair trial when Police Officer David Schulz was permitted to testify about the content of text messages he saw on the cellphone of the victim when he was called to the scene of the offenses shortly after they occurred. On appeal, the Tenth District Court of Appeals overruled several evidentiary objections to this testimony, including that it was hearsay, that it lacked a proper foundation, and that its admission violated the best evidence rule. *State v. Petty*, No. 15AP-950, 2017-Ohio-1062 (Ohio App. 10th Dist. Mar. 23, 2017), appellate jurisdiction declined, 151 Ohio St. 3d 1455, 2017-Ohio-8842 ("*Petty I*").

The Magistrate Judge recommended that Ground One be dismissed because it did not state a claim arising under the United States Constitution and two of the three evidence objections were procedurally defaulted for lack of a contemporaneous objection. (Substituted R&R, ECF No. 25, PageID 1536-44). Petitioner objects that these violations of the evidence rules denied him "a fair trial in a fair tribunal" which rises to the "level of a constitutional infringement cognizable in federal habeas corpus." (Objections, ECF No. 26, PageID 1562). However, invoking the constitutional principle of a fair trial in a fair tribunal is only the beginning of the analysis in habeas corpus. To obtain relief in habeas from a state court conviction, a petitioner must show that the state court's decision is contrary to or an unreasonable application of some clearly established holding of the United States Supreme Court. The Supreme Court has indeed held that a fair trial in a fair tribunal is a basic requirement of due process. *Offutt v. United States,* 348 U.S. 11, 14 (1954). But the Supreme Court has never

3

held this implies that the best evidence rule, the prohibition on hearsay, or the personal knowledge (foundation) rule are required by the Sixth or Fourteenth Amendments. Moreover, as the Tenth District found, admission of the portions of the text messages which came from Petitioner was not a violation of the hearsay rule because that rule permits admission of statements of party opponents. Ohio R. Evid. 801(D)(2).

Petitioner's Objections regarding the First Ground for Relief are overruled.

**Ground Two: Insufficient Evidence to Convict**

In his Second Ground for Relief, Petty argues there was insufficient evidence to convict him of rape because it was not shown his conduct was an offense of violence. It was stipulated at trial that Petty had previously been convicted of aggravated robbery, which is plainly a crime of violence. The Tenth District denied this claim because it found

> The term "offense of violence" is defined in R.C. 2901.01(A)(9) as a violation of a number of sections of the Ohio Revised Code, including R.C. 2907.02, rape. Thus, it is not necessary to prove that a rape was committed with violence in order to qualify as an offense of violence. *State v. Tayse,* 9th Dist. No. 23978, 2009-Ohio-1209, ¶ 32 ("Under Ohio law, such conduct [sexual conduct with another person who is less than 13 years of age] is defined as rape, an offense of violence.").

*Petty I*, 2017-Ohio-1062, ¶ 59. The Magistrate Judge found this ground for relief should be dismissed for a number of reasons with which the Court agrees.

First, it is a matter of state law to define crimes and their elements. Nothing in the United States Constitution forbids a State from classifying sex with a person under thirteen as an act of violence. Petty also objects that he was sentenced under the wrong statute (Objections, ECF No. 26, PageID 1565-66), but as the Magistrate Judge pointed out, the Tenth District expressly held that the statute the trial court referred to was the correct one under Ohio law. *Petty I*, 2017-Ohio-1062, ¶ 71.

4

Additionally, Petty attempts to raise as a defense that the victim fraudulently represented herself to be an adult in texting with him about oral sex. As the Magistrate Judge concluded, Ohio has never recognized such a defense to child sexual abuse nor has the Supreme Court of the United States ever held recognition of such a defense is constitutionally mandated. (Substituted R&R, ECF No. 25, PageID 1547). Further, Petty objects that because this is a case of first impression, he should be given an evidentiary hearing on this defense. (Objections, ECF No. 26, PageID 1567). However, in a habeas corpus case, to show constitutional error in a state court decision a petitioner must show the decision was contrary to or an unreasonable application of Supreme Court precedent at the time the state court decision was made. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). That was not done here.

Petitioner's Objections regarding the Second Ground for Relief are overruled.

**Ground Three: Manifest Weight of the Evidence**

The Magistrate Judge recommended this Ground for Relief be dismissed insofar as it raised a claim that the verdict was against the manifest weight of the evidence because that claim is not cognizable in habeas corpus. Insofar as the claim is that there was insufficient evidence, the Substituted R&R recommends it be dismissed on the merits. (ECF No. 25, PageID 1548-54). Petitioner makes no specific objection to the Magistrate Judge's recommendation except for his continued claim that there was no showing of actual physical force. That objection is dealt with above: no such showing is required under Ohio law for sexual conduct with a person under thirteen.

Petitioner's Objections regarding the Third Ground for Relief are overruled.

**Ground Four: Invalid Sentence**

In his Fourth Ground for Relief, Petty argues that the trial judge sentenced him without

exercising the discretion allegedly required by Ohio Revised Code § 2929.14. As the Substituted R&R notes, this is a question of Ohio law which the Tenth District resolved against Petty. (Substituted R&R, ECF No. 25, PageID 1554).

Petitioner's Objections regarding the Fourth Ground for Relief are overruled.

## **CONCLUSION**

For all these reasons, the Court concludes that Petitioner's Objections are without merit and are hereby **OVERRULED**. (ECF Nos. 19, 22, 26). The Substituted R&R is **ADOPTED** and **AFFIRMED** (ECF No. 25), and the Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

Petitioner has also moved for COA. (ECF No. 26). A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c). When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make such a showing, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

The Court is not persuaded that reasonable jurists could debate whether the Petition should have been resolved differently. Accordingly, the Court **DECLINES** to issue a COA on all grounds raised in the Petition.

The Court also **CERTIFIES** that an appeal would not be in good faith and that an application to proceed *in forma pauperis* would be **DENIED**.

**IT IS SO ORDERED.**

                                            /s/ Sarah D. Morrison_____
                                            SARAH D. MORRISON
                                            UNITED STATES DISTRICT JUDGE